IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONNIE D. PARRISH,

                OPINION AND ORDER

      Plaintiff,

                18-cv-352-bbc

  v.

TIMOTHY LUNDQUIST,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Ronnie Parrish has filed a proposed civil action for monetary relief against defendant Timothy Lundquist, the director of the Wisconsin Resource Center. Plaintiff alleges that when he was transferred to the Wisconsin Resource Center from a different institution, some of his property was damaged or lost, including a radio and a pair of shoes. He seeks compensation for his property, as well as damages for pain and suffering. Plaintiff's complaint is now before the court for screening under 28 U.S.C. § 1915A.

The first question is whether this court has jurisdiction over plaintiff's claim against defendant Lundquist. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff brings a claim that arises under state law, the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

In his complaint, plaintiff says he is bringing claims under state law. This makes

1

sense, because plaintiff's allegations do not suggest that defendant violated plaintiff's rights under the United States Constitution or any federal law. It follows, therefore, the court does not have jurisdiction under § 1331.

However, this court lacks jurisdiction over plaintiff's state law claims as well. First, plaintiff and defendant are not citizens of different states. Defendant is a Wisconsin citizen. As for plaintiff, the citizenship of a prisoner is "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002). In this instance, there is no suggestion in plaintiff's complaint or court records that plaintiff lived outside Wisconsin before his incarceration or that he intends to move out of Wisconsin after he is released.

Additionally, although plaintiff says he is seeking more than $75,000 in damages, he has not made a plausible allegation that he could actually recover that much. In his complaint, plaintiff alleges that his shoes and radio have been either damaged or are missing. In attachments to his complaint, it appears that plaintiff has also complained to institution staff about a missing cereal bowl, headphones and a few other small items. Even if I assume that plaintiff seeks to recover damages for all of his missing or damaged property, the total amount he could recover would be far less than $75,000. Further, although plaintiff says he would like to recover for his pain and suffering, he has no allegations suggesting that he could recover damages for pain and suffering attributable to his missing or damaged property that would reach the jurisdictional threshold. Therefore, plaintiff has not satisfied the

amount-in-controversy requirement of § 1332.  McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009) (plaintiff's allegation of amount in controversy should not be accepted if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount").  Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, meaning that if plaintiff wants to pursue these claims, he must file them in state court.

ORDER

IT IS ORDERED that plaintiff Ronnie D. Parrish's complaint is DISMISSED for lack of subject matter jurisdiction.

Entered this 9th day of July, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge